UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE MCAFEE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-4320 |
| | § | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendants U.S. Department of Veteran Affairs, Maria Lewis Wilson, Kendra Price Mays, Christopher Sandles, and Carolyn Baldwin (collectively, "Defendants"). Dkt. 5. Defendants move to dismiss for insufficient service and for lack of subject matter jurisdiction. *Id.* Plaintiff Stephanie McAfee has not filed a response to the motion.[1] Having considered the motion, original petition, and applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

**I. BACKGROUND**

This is an employment discrimination, retaliation, and failure-to-accommodate case relating to McAfee's employment at the Michael E. Debakey VA Medical Center ("VAMC"). Dkt. 1-1. McAfee filed three separate charges with the Equal Employment Opportunity Commission ("EEOC"), and she received a right-to-sue letter on or about June 10, 2019. *Id.* She filed her

---

[1] Under Southern District of Texas Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4.

original complaint in state court on September 9, 2019.  *Id.*  Defendants removed the case to this court on November 4, 2019.  Dkt. 1.

Defendants filed a motion to dismiss on February 3, 2020.  Dkt. 5.  They argue that (1) the court should dismiss this case for insufficient service because McAfee failed to serve the agency or employees named as defendants, which is required under Federal Rule of Civil Procedure 4(i)(1) and (2); and (2) the court should dismiss the case for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for a plaintiff to bring this type of claim against the agency or employees of the agency.  *Id.*  McAfee did not timely respond to the motion, which is now ripe for disposition.

## II. LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), a party may move for dismissal for insufficient service of process before it files a responsive pleading.  Fed. R. Civ. P. 12(b)(5).  The serving party then has the burden of demonstrating the validity of service.  *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Under Federal Rule of Civil Procedure 4(i), which governs service of process to the United States, its agencies, corporations, officers, or employees, a party suing an agency of the United States or an officer of an agency sued in his or her official capacity must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency or employee.  Fed. R. Civ. P. 4(i)(2).  If the officer or employee is being sued in his or her individual capacity, the plaintiff must serve the United States and also serve the officer or employee in accordance with Rule 4(e), (f), or (g).  To serve the United States, the party must (1) deliver or mail via registered or certified mail the complaint and summons to the United States attorney for the district where the action is brought, (2) send a copy by registered or certified mail of the summons and complaint to

2

the Attorney General of the United States in Washington, D.C., and (3) if the action challenges an order of a nonparty agency or officer, send a copy of each by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4(i)(1). To serve an officer or employee sued in his or her individual capacity under Rule 4(e), the plaintiff must either serve the individual in accordance with the state law of the jurisdiction, deliver the summons and complaint personally, leave a copy at the individual's house with somebody or suitable age who resides there, or deliver a copy of each to an agent authorized by appointment or law to receive service of process. Fed. R. of Civ. P. 4(e). Rules 4(f) and (g) deal with individuals in foreign countries or minors or incompetent people and are not applicable here. *See* Fed. R. Civ. P. 4(f)–(g).

Under 28 U.S.C. § 1448, if a case is removed from state court and one or more defendants were not served or service had not been perfected while the case was still in state court, or if "process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Under Federal Rule of Civil Procedure 81(c)(1), in removed actions, the Federal Rules of Civil Procedure apply after the case is removed. Fed. R. Civ. P. 81(c)(1). Courts in other circuits have held that the time for service of process in the Federal Rules of Civil Procedure commences on the date of removal. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

Here, Defendants note that they removed this case on November 4, 2019, and that the ninetieth day after removal was February 2, 2020. Dkt. 5. They concede that the United States Attorneys' Office for the Southern District of Texas received a summons and copy of the complaint, but they argue that the plaintiff has not filed any proofs of service showing that any other party has been served. *Id.* They therefore seek dismissal unless the plaintiff either shows that she completed

service by Monday, February 3, 2020 (because February 2 was a Sunday), or demonstrates good cause for failing to do so. *Id*.

The plaintiff has not responded to the motion to dismiss, and she bears the burden of demonstrating that Defendants have been properly served. The state-court docket sheet, which was filed with the notice of removal, does not indicate that any parties were served prior to removal. *See* Dkt. 1-2. This court's docket indicates that on November 25, 2019, McAfee requested a summons for William P. Barr, Attorney General of the United States, and the Civil Process Clerk of the United States Attorney's Office in the Southern District of Texas. Dkt. 2. This court's docket further reveals that the Clerk of Court for the Southern District of Texas issued both summonses on November 26, 2019, and mailed them to the plaintiff via first-class mail. Dkt. 3. There is, however, no indication in the record that the summonses were returned as to the Attorney General, and there is no indication that the plaintiff ever served any of the individual defendants or the agency. McAfee therefore has not met her burden of showing sufficient service of process with regard to any of the defendants. Defendants' motion to dismiss for insufficient service is GRANTED.

### III. CONCLUSION

Defendants also move for dismissal on sovereign immunity grounds. However, since the court finds insufficient service of process, it need not consider immunity. Defendants' motion to dismiss for insufficient service is GRANTED, and McAfee's claims are DISMISSED WITHOUT PREJUDICE. The court will issue a final judgment concurrently with this memorandum opinion and order.

Signed at Houston, Texas on March 4, 2020.

_____
Gray H. Miller
Senior United States District Judge